Opinion filed October 18, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00154-CV

_____

## IN THE INTEREST OF N.A.L. AND N.A.R., CHILDREN

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 55,842**

**and**

_____

## No. 11-19-00155-CV

_____

## IN THE INTEREST OF I.M.S., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 55,843**

# MEMORANDUM OPINION

These companion appeals stem from orders in which the trial court terminated the parental rights of the mother of N.A.L., N.A.R., and I.M.S. The mother timely filed notices of appeal. In her sole issue in each appeal, she challenges the legal and factual sufficiency of the evidence with respect to the children's best interest. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In both cases, the trial court found that the mother had committed five of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (L), (N), and (O). Specifically, the trial court found that the mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being, that the mother had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, that the mother had been convicted or placed on community supervision for being criminally responsible for the death or serious injury of a child, that the mother had constructively abandoned the children, and that the mother had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the mother's parental rights would be in the best interest of each child.

On appeal, Appellant challenges the sufficiency of the evidence with respect to the best interest findings; she does not challenge the sufficiency of the evidence to support the findings under subsections (D), (E), (L), (N), and (O). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient in a parental termination case, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination

3

may also constitute evidence illustrating that termination is in the child's best interest.  *C.J.O.*, 325 S.W.3d at 266.

*Background Facts*

The record from the joint trial in these causes reflects that Appellant had a history with the Department of Family and Protective Services based upon allegations of neglectful supervision and physical abuse of her children.  The Department ultimately removed the children from Appellant's care based upon an incident that occurred while Appellant and N.A.R. were at the Department's facility for a counseling session.  Appellant picked three-year-old N.A.R. "up off the ground by her hair and her head, and [swung] her over to the right direction of the bathroom."  Several Department employees observed this incident.  Appellant also cursed at N.A.R. and later "became very resistant," "cussing at everyone in the room."

The record reflects that Appellant had issues controlling her anger and that she had other untreated mental health issues, including depression and anxiety.  These issues put her children at risk and were a concern with respect to her ability to parent the children.  Just two weeks prior to removal, Appellant "took a bunch of pills" and stated that she could not "cope with life" and did not "want to live anymore."

Appellant's children were scared of her and feared that she "would beat them to death."  Appellant had pleaded guilty and was convicted of two offenses relating to her children: (1) abandoning a child with the intent to return and (2) injury to a child.  While the termination proceedings were pending in the trial court, Appellant tested positive for marihuana, and she admitted to her use of marihuana.  Appellant also tested positive for methamphetamine while the case was pending below; she was positive for methamphetamine about two months before the final hearing, about three weeks before the final hearing, and again just a few days before the final

4

hearing. Despite these results, Appellant denied that she had ever used methamphetamine. Appellant did not complete the services required by her family service plan, and she failed to maintain steady employment and a stable residence while this case was pending. Appellant admitted that, at the time of trial, she was unable to provide for the children. However, she hoped to be able to do so in the future, and she did not want her parental rights to be terminated.

At the time of removal, I.M.S. was eight years old. He was eventually placed with his paternal grandmother and has expressed a desire to live with that grandmother. The conservatorship caseworker testified that, although I.M.S. struggled with behavioral issues, his paternal grandmother was dedicated to him and to helping him with his behavioral issues.

At the time of removal, N.A.L. was five years old, and N.A.R. was three years old. N.A.L. and N.A.R. were eventually placed with their father and stepmother. The caseworker indicated that N.A.L.'s and N.A.R.'s father and the father's wife were "very dedicated to ensuring [N.A.L.'s and N.A.R.'s] success and thriving."

According to the caseworker, all three children were in good, stable placements, and the children were happy and thriving in those placements. Furthermore, the caseworker testified that the children would be in "severe danger" if Appellant were permitted to have any type of access to them. The Department's goal for the children was to terminate Appellant's parental rights and to give managing conservatorship of N.A.L. and N.A.R. to their father and managing conservatorship of I.M.S. to his paternal grandmother. The children's attorney ad litem believed that it would be in the children's best interest for the trial court to terminate Appellant's parental rights.

*Analysis*

We have considered the record as it relates to the desires of the children, the emotional and physical needs of the children now and in the future, the emotional

5

and physical danger to the children now and in the future, the parental abilities of Appellant and of the persons with whom the children were placed, the Department's plans for the children, Appellant's inability to provide a safe home for the children, Appellant's drug use, and Appellant's physical abuse of the children. The trial court could reasonably have formed a firm belief or conviction, based on the clear and convincing evidence presented at trial and the *Holley* factors, that termination of Appellant's parental rights would be in the best interest of each of the children at issue in these appeals. *See Holley*, 544 S.W.2d at 371–72. Therefore, we hold that the evidence is legally and factually sufficient to support the findings that termination of Appellant's parental rights is in N.A.L.'s, N.A.R.'s, and I.M.S.'s best interest. *See id.*

Appellant seems to contend that, because the parental rights of the father of N.A.L. and N.A.R. and the father of I.M.S. were not terminated and because I.M.S. was placed with his paternal grandmother, Appellant's parental rights should not have been terminated. We disagree. The trial court's decisions regarding managing conservatorship—to appoint I.M.S.'s paternal grandmother to be the sole managing conservator of I.M.S. and to appoint N.A.L.'s and N.A.R.'s father to be their sole managing conservator—are not dispositive with respect to the question of whether it was in the children's best interest to terminate Appellant's parental rights. The trial court's failure to terminate the parental rights of I.M.S.'s father is also not dispositive of the issue before us. We note that Appellant was the offending parent in that it was her actions that necessitated the removal of the children. Clear and convincing evidence supported the findings that termination of Appellant's parental rights was in the best interest of the children. We overrule Appellant's sole issue in both appeals.

*This Court's Ruling*

We affirm the trial court's orders of termination.


JOHN M. BAILEY

CHIEF JUSTICE


October 18, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.